UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PHILANDER S. McFARLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-1328 |
| | ) | Chief Judge Haynes |
| STEPHANIE A. POOL | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

By Order (Docket Entry No. 7) entered June 20, 2014, the Court granted Plaintiff in forma pauperis status. 28 U.S.C. § 1915(a).

Accordingly, Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In this action, Plaintiff alleges that Stephanie Pool, an employee at the South Central Correctional Center, violated his rights when she failed to notarize an application to proceed *in forma pauperis* that he needed for an action in this Court. The Court must review Plaintiff's complaint to determine whether the claims are frivolous, malicious, or whether the complaint fails to state a claim. 28 U.S.C. § 1915(e)(2).

A prisoner has a First Amendment right of access to the courts, that includes the right to "notarial services". Bounds v. Smith, 430 U.S. 817, 824 (1977). Yet, the defendant's conduct must actually prejudice plaintiff in the filing or prosecution of a legal action. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). Here, the Plaintiff has not alleged that he was denied pauperis status or was unable to pursue his claim. In the absence of a showing of prejudice, the complaint fails to state a claim upon which relief can be granted. Thus, this action is hereby **DISMISSED** for failure to state a claim. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

If Plaintiff decides to file a notice of appeal, Plaintiff must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the Federal Correctional Institution in Terre Haute, Indiana, to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

**ENTERED** this the ___ day of July, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court